IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRICIA HAWKINS, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:21-cv-265 |
| | § | |
| UHS OF TEXOMA, INC. | § | |
| D/b/a TEXOMA MEDICAL CENTER, | § | |
|     Defendant. | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Patricia Hawkins, Plaintiff, and files this original complaint UHS of Texoma, Inc. d/b/a Texoma Medical Center (hereinafter "Defendant," "TMC"), and would respectfully show the Court as follows:

### I.  PARTIES

1. Plaintiff is an individual residing in Grayson County, Texas.

2. Defendant UHS of Texoma, Inc. d/b/a Texoma Medical Center is a foreign for-profit entity doing business in Texas and may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically, 29 U.S.C. § 623, *et seq.* ("Age Discrimination in Employment Act of 1967," "ADEA"), as amended; and 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.      All prerequisites to filing suit have been met.

### III. FACTS

5.      Plaintiff was employed for over eighteen (18) years by Texoma Medical Center (currently owned and operated by UHS of Texoma, Inc.) at their facility located at 5016 S. U.S. Highway 75, Denison, Texas 75020, (903) 416-4000, beginning on or about February 6, 2001.   At the time of her discharge on or about February 27, 2019, she was employed as a Certified Respiratory Therapist (CRT).   Plaintiff was 68 years of age at the time of her discharge.

6.      Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

7.      Upon information and belief, Defendant had fifty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the FMLA.

8.      In September 2017, Plaintiff requested and was approved for leave under the Family and Medical Leave Act to undergo knee replacement surgery.

9.      Upon her return to work on or about December 21, 2017, she found the Director of Respiratory Therapy had been replaced during her absence by Darice Miller-Davis (approximately 40-49 years of age).

10.      Ms. Miller-Davis made numerous references to Plaintiff retiring.  In particular, prior to her annual performance review in May 2018, she said Plaintiff would not be getting a raise next May 2019 because she might not be here if she retired before then.  Ms. Miller-Davis continued to

insinuate Plaintiff would be retiring soon and made remarks to other employees about her retiring, even suggesting she would do so by September 2018.

11.     Ms. Miller-Davis instituted several changes including increasing the call-in time for absences from three hours to four hours before the start of shift.  TMC's written policy states employees must call at least three hours before the start of shift to report illnesses or other reasons for absence.  Ms. Miller-Davis required employees under her supervision to call in at least four hours prior to start of shift.

12.     On or about July 3, 2018, Plaintiff received verbal counseling for recording five unexcused absences. At the time, she asked Ms. Miller-Davis if she was trying to get rid of Plaintiff and she said "no, you'll do that to yourself."

13.      On October 9, 2018, Plaintiff received a written warning notification for attendance.  In addition to the five incidents included in the July 3, 2018 counseling, Ms. Miller-Davis included excused absences on July 8-9, 2018 for which Plaintiff obtained and presented a physician's note in accordance with Defendant's policies.

14.     Plaintiff was called to Ms. Miller-Davis's office on December 19, 2018, for a meeting with her and Tammy Atteberry and Darren Burns (respiratory therapy supervisors).  Ms. Miller-Davis told Plaintiff that other respiratory techs were complaining about Plaintiff to her.  She also told Plaintiff that Dr. Anilkumar Patel, the head of ICU and medical director for respiratory therapy, told her Plaintiff was obviously not comfortable providing care to patients in the ICU and he wanted respiratory techs who wanted to be in ICU.

15.     Plaintiff had previously discussed with Ms. Miller-Davis that she did not want to work in ICU.  Indeed, Plaintiff had never worked in ICU previously; she had only worked on the patient floors.  Ms. Miller-Davis said Plaintiff would be assigned ICU whether or not she liked it.  Plaintiff

subsequently underwent required training for ICU.  She subsequently discussed the situation with Dr. Patel who was understanding.

16.     On February 26, 2019, Plaintiff was assigned to ICU.  Her immediate supervisor, Darren Burns (approximately 50-59 years of age), told her she had incorrectly charted the prescribed respiratory rate on a ventilation patient.  Plaintiff check the recorded rate in the file with the treating physician's original order and found the recorded rate was incorrect.  She changed the prescribed rate to that in the physician's original order. She could not tell Burns this because he had left for the day.

17.     At the end of her 12-hour shift on February 27, 2019, Plaintiff was called to the human resources department.  Ms. Miller-Davis, Renee Connor, the new marketing and human resources director, and Ms. Tandy, human resources representative, told her she was fired due to a change she made in charting which had been reported by Darren Burns that morning.

18.     Plaintiff am not the only respiratory technician to make such changes to patient charts, essentially correcting a chart to reflect the treating physician's original order.

19.     Sharon Wingard (approximately 50-59 years of age) and Joyce Singletary (approximately 40-49 years of age) both reportedly charted incorrect orders to reflect the treating physician's original orders.  Upon information and belief, neither was disciplined.

20.     At the time of her discharge, Plaintiff was earning approximately $25.36 per hour for a 36-hour work week plus shift differentials, over time, and benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

## Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

21.     Plaintiff incorporates the factual allegations contained in paragraphs 5-20 herein as if set out verbatim.

22.     Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* ("Age Discrimination in Employment Act of 1967," "ADEA"), as amended, protecting Plaintiff from discrimination on the basis of age.

23.     Plaintiff was 68 years of age at the time of her discharge as Certified Respiratory Therapist for Defendant.

24.     Plaintiff was well qualified for the position of Certified Respiratory Therapist for Defendant based upon her education, training, and 18 years of experience as a Certified Respiratory Therapist.

25.     Any reason Defendant may offer for discharging Plaintiff as Certified Respiratory Therapist is purely pretextual.

26.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 623, *et seq*. ("Age Discrimination in Employment Act of 1967," "ADEA"), as amended.

27.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq*. ("Age Discrimination in Employment Act of 1967," "ADEA"), as amended.

28.     On or about May 7, 2019, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On January 11, 2021, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated January 7, 2021.

29.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

## Violations of 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"),

## as amended

30.     Plaintiff incorporates the factual allegations contained in paragraphs 5-20 herein as if set out verbatim.

31.     Plaintiff would show Defendant's conduct constitutes a violation of 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended, protecting Plaintiff from retaliation in violation of same.

32.     Plaintiff would show Defendant retaliated against Plaintiff for seeking and utilizing FMLA leave by retaliating against Plaintiff without legitimate cause when she presented back to work with her physician's unrestricted release to return to work.

33.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 2601, *et seq*., (The Family Medical and Leave Act) ("FMLA"), as amended.

34.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 2601, *et seq*., (The Family Medical and Leave Act) ("FMLA"), as amended.

35.     In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## V.  STATE CLAIMS FOR RELIEF AND DAMAGES

## Violations of TEX. LABOR CODE § 21.051 *et seq.*

36.     Plaintiff incorporates the factual allegations contained in paragraphs 5-20 herein as if set out verbatim.

37.     Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051 *et seq.*, as amended, protecting Plaintiff from discrimination on the basis of age.

38.     Plaintiff was 68 years of age at the time of her termination by Defendant.

39.     Plaintiff was well qualified for the position of Certified Respiratory Therapist and had been employed by Defendant in that position for eighteen (18) years.

40.     Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

41.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

42.     Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

43.     On or about May 7, 2019, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On January 11, 2021, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated January 7, 2021.

## VI. DAMAGES

44.     Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct, including liquidated damages, compensatory damages, lost wages, and mental anguish.

45.     Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* ("Age Discrimination in Employment Act of 1967," "ADEA"), as amended, and 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

46.     Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

47.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

## VII. ATTORNEY'S FEES

48.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

49.     Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**